FIRST DIVISION

March 27, 2000

No. 1-98-2514

RICHARD C. PETERSON, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant and Cross-Appellee, ) Cook County

)

v. ) 

)

SUSAN B. RANDHAVA, ) Honorable

) Dorothy Kirie Kinnaird,

Defendant-Appellee and Cross-Appellant ) Judge Presiding.

)

)

(Koenig and Strey, Inc., )

)

Defendant-Appellee). )

PRESIDING JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Plaintiff, Richard C. Peterson, appeals the trial court's order granting summary judgment in favor of defendants, Susan B. Randhava and Koenig & Strey, Inc., and dismissing his five-

count amended complaint with prejudice.  On appeal, plaintiff raises two claims of error: (1) that the trial court erred in 
transforming defendants' motion for sanctions into a motion for summary judgment 
sua sponte
; and (2) that the trial court erred in granting summary judgment to defendants.  Randhava has filed a cross-appeal of the denial of her motion for sanctions.  For the reasons that follow, we reverse in part, affirm in part, and remand for further proceedings consistent with this opinion.

FACTS

On August 2, 1996, plaintiff filed an action against both Susan B. Randhava, a real estate agent, and Koenig & Strey, Inc. (Koenig), Randhava's employer, a real estate agency.  The complaint alleged that on October 30, 1994, plaintiff entered into a written real estate contract to purchase property on Old Glenview Road in Wilmette, Illinois (the Glenview property).  Defendant Randhava and codefendant Koenig acted as plaintiff's agents in connection with this purchase.  Plaintiff alleged that in order for him to collect the funds necessary for his purchase, he needed to sell his current home, located on Asbury Road in Evanston (the Asbury property).  To sell the Asbury property, plaintiff signed a listing agreement executed by Randhava, which named Randhava as the listing salesperson for the Asbury property.  

Plaintiff alleged that Randhava devised a scheme to acquire the Glenview property for herself.  As part of the scheme, she convinced plaintiff that he would not be able to obtain financing for the Glenview property unless she and plaintiff purchased the property together as partners.  As a result of these representations, plaintiff agreed to purchase the Glenview property as a joint venture partner with Randhava.  Under the joint venture agreement, plaintiff had an option to purchase Randhava's ownership interest in the property until July 31, 1995.  Plaintiff's right to purchase the Glenview property terminated after that date.  At that time, Randhava would then acquire the right to purchase the property.

Next, plaintiff alleged that Randhava took steps to prevent the sale of the Asbury property by pricing it in excess of its market value.  In support of this claim, he alleged that he obtained an appraisal of the fair market value of the Asbury property and that as of November 16, 1994, its estimated fair market value was appraised at $185,000.  Plaintiff alleged that Randhava knew of the estimated fair market value of the Asbury property, but, in furtherance of her scheme to obtain the Glenview property for herself, she listed the Asbury property at $212,500, a price that plaintiff alleged was excessive in light of its actual market value.  When plaintiff questioned Randhava regarding the listing price, Randhava assured plaintiff that she had priced the property appropriately for the market.  She also informed plaintiff that lowering the listing price would not hasten the property's sale.

In addition to intentionally overpricing the property and subsequently refusing to lower its listing price, plaintiff also alleged that Randhava failed to communicate offers to buy the property to him and did not make a good-faith effort to sell the Asbury property by actively discouraging prospective purchasers and failing to return telephone requests for information about the property. Consequently, plaintiff alleged, he failed to sell the Asbury property before July 31, 1995, and was unable to purchase the Glenview property.  Plaintiff alleged that he subsequently sold the Asbury property for a sum of $180,000 on August 4, 1995.  However, by that time the deadline for plaintiff to purchase Randhava's interest in the Glenview property had expired.  Randhava acquired plaintiff's interest in the Glenview property on August 7, 1995.

On August 2, 1996, plaintiff filed this action against both defendant Randhava and codefendant Koenig.  Each filed motions to dismiss plaintiff's original complaint pursuant to section 2-615 of the Illinois Code of Civil Procedure.  735 ILCS 5/2-615 (West 1998).  The trial court granted both motions without prejudice and allowed plaintiff to file an amended complaint.  On March 26, 1997, plaintiff filed his amended complaint, which included five counts.  Plaintiff's amended complaint alleged: (1) count I, breach of fiduciary duty by Randhava; (2) count II, breach of the listing agreement by Koenig; (3) count III, breach of fiduciary duty by Koenig; (4) count IV, violation of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 
et seq
. (West 1998)) by Randhava; and (5) count V, violation of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 
et seq
. (West 1998)) by Koenig.

Randhava moved to dismiss count I pursuant to both sections 2-615 and 2-619, and count IV pursuant to section 2-615, while codefendant moved to dismiss counts II, III, and V pursuant to section 2-615.  735 ILCS 5/2-615, 2-619 (West 1998).  The trial court denied both defendants' motions with respect to counts I, III, IV and V, but dismissed with prejudice count II against Koenig for breach of the listing agreement.  Thereafter, Randhava filed her answer, affirmative defenses and a counterclaim against plaintiff on August 25, 1997.  Codefendant filed its answer and affirmative defenses on September 19, 1997.  

On September 12, 1997, Randhava filed a motion for rule to show cause and to strike plaintiff's amended complaint.  In her motion, Randhava alleged that the sale of the Asbury property for the lower price of $180,000 was the only factual allegation in plaintiff's complaint that would enable him to recover.  However, Randhava further alleged that this was not the actual final purchase price of the Asbury property, but that the true purchase price was $210,000.  In addition, Randhava claimed that plaintiff made the false allegation that the property sold for the sum of $180,000 with knowledge of its falsity and sought a rule to show cause why plaintiff should not be held in contempt for filing a knowingly false pleading.  

The court continued the hearing on Randhava's motion until September 17, 1997.  On September 17, 1997, Randhava filed another motion, this time for sanctions pursuant to Supreme Court Rule 137.  155 Ill. 2d R. 137.  Randhava based this motion on the same allegedly false allegation of the purchase price contained in plaintiff's complaint.  The motion for sanctions sought the dismissal with prejudice of plaintiff's complaint and an order requiring plaintiff to compensate Randhava for her attorney fees.  The trial court allowed codefendant to join in Randhava's motion for sanctions and continued Randhava's motion for rule to show cause.  The court stayed all discovery in the matter, with the exception of discovery regarding the purchase price of the Asbury property.  On March 18, 1998, the court heard arguments on the motion.  On June 10, 1998, the court denied defendants' motion for sanctions, but decided to grant summary judgment 
sua sponte
 in favor of both defendants although no motion for summary judgment was pending at that time.  

In addition, the trial court's order, entered June 10, 1998, contains the court's denial of

defendants' motion for rule to show cause, in light of the court's oral finding that the entry of summary judgment rendered the motion moot.  Plaintiff now appeals the order granting summary judgment, and Randhava cross-appeals the denial of her motion for sanctions.  Koenig did not file a separate brief but adopted the arguments and brief of Randhava.

ANALYSIS

I. Rule 137 Sanction Motion Was Not Premature

Plaintiff asserts that the trial court erred in allowing Randhava to file her motion for Rule 137 sanctions at such an early stage of the proceedings.  Plaintiff emphasizes that Randhava filed her motion for sanctions prior to the start of discovery on the substantive issues involved in the case.  In fact, the court had ordered a stay on all discovery proceedings, other than those related to the single issue of the final purchase price of the Asbury property.  Moreover, plaintiff notes that Randhava's motion for sanctions came a mere 2½ weeks after she filed an answer to plaintiff's amended complaint.   

Supreme Court Rule 137 provides in pertinent part:

"The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. * * * If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction * * *. 

All proceedings under this rule shall be brought within the civil action in which the pleading, motion or other paper referred to has been filed, and no violation or alleged violation of this rule shall give rise to a separate civil suit, but shall be considered a claim within the same civil action.  Motions brought pursuant to this rule must be filed within 30 days of the entry of final judgment, or if a timely post-judgment motion is filed, within 30 days of the ruling on the post-judgment motion."  155 Ill. 2d R. 137.  

Under Rule 137, a court may impose sanctions against a party or counsel who files a motion or pleading that fails to have a well-grounded factual basis, that is not supported by existing law or lacks a good-faith basis for a modification, reversal, or extension  in the law, or that is interposed for any improper purpose.  
Senese v. Climatemp,
 
Inc.
, 289 Ill. App. 3d 570, 581 (1997).  The purpose of Rule 137 is to prevent the filing of frivolous and false lawsuits.  
Toland v. Davis
, 295 Ill. App. 3d 652, 657 (1998).  To this end, the rule is designed to prohibit the abuse of the judicial process by claimants who make vexatious and harassing claims based upon unsupported allegations of fact or law.  
Senese,
 289 Ill. App. 3d at 581.   However, the rule is not intended to penalize litigants and their attorneys merely because they were zealous, yet unsuccessful.  
Toland
, 295 Ill. App. 3d at 658.
  The rule is penal in nature and therefore must be strictly construed. 
 
Toland
, 295 Ill. App. 3d at 658.  

In deciding whether the imposition of sanctions is appropriate, the court must determine what was reasonable for the attorney or the signing party to believe at the time of filing, rather than engaging in hindsight. 
Lewy v. Koeckritz International, Inc.
, 211 Ill. App. 3d 330, 334 (1991). 
 The trial court is free to determine the appropriate sanction in each case.  
Singer v. Brookman
, 217 Ill. App. 3d 870, 879 (1991).  A court should not impose sanctions on a party for failing to conduct an investigation of facts and law before filing if he presents objectively reasonable arguments for his position, regardless of whether those arguments are unpersuasive or incorrect.  
McClaughry v. Village of Antioch
, 296 Ill. App. 3d 636, 645 (1998). Finally, a trial court's decision on sanctions must clearly set forth the factual basis for the result reached in order to be afforded deferential treatment on review.  
Olsen v. Staniak
, 260 Ill. App. 3d 856, 863 (1994).

The plain language of the rule itself does not preclude a party from filing a Rule 137 motion at an early stage but, rather, merely indicates that the motion must be brought "within" the civil action in which the "pleading, motion or other paper * * * has been filed."   155 Ill. 2d R. 137.  In 
Kellett v. Roberts
, 276 Ill. App. 3d 164 (1995), the court rejected the argument that a petition seeking Rule 137 sanctions was premature because it was filed prior to final judgment.  Examining the language of the rule, including recent amendments, the court concluded that a motion for sanctions is timely if filed "within the relevant cause of action." 
 Kellett
, 276 Ill. App. 3d at 171.  The court believed that  preventing parties from bringing sanction motions during the relevant cause of action would be inconsistent with the purpose of Rule 137, "to provide a plain, efficient, and speedy remedy." 
 Kellett
, 276 Ill. App. 3d at 171.  Here, Randhava contested the veracity of a factual allegation of plaintiff's amended complaint subsequent to its filing.  Although plaintiff argues that Randhava filed her motion for sanctions 2½ weeks after answering the complaint and before substantial discovery, nothing in the statute prohibits a party from answering the allegedly false or vexatious pleading motion prior to requesting sanctions.

Moreover, keeping in mind the ultimate purpose of Rule 137, we disagree with plaintiff's claim that the lower court erred in allowing Randhava to proceed with her motion for sanctions at such an early stage in the proceedings.  As the purpose of the rule is to prevent the abuse of the judicial process, we do not believe a litigant should be required to mount a lengthy, costly defense against a harassing or untrue pleading, if such an expenditure of resources may be avoided.  
Kellett
, 276 Ill. App. 3d at 171.  A motion for relief under Rule 137 at such an early stage of a proceeding should be pursued cautiously.  However,  if one party to a lawsuit can demonstrate that the opposing party pursued a false or harassing claim, Rule 137 does not require the trial court to defer resolution of the issue until the ultimate disposition of the case.  We therefore conclude that the trial court did not abuse its discretion in considering Randhava's motion. 

II. Trial Court Erred In Transforming Rule 137 Sanction 

Motion Into Summary Judgment Motion

Plaintiff next contends that the trial court erred in transforming Randhava's motion for sanctions into a motion for summary judgment 
sua sponte
.  Plaintiff asserts that the purpose of each motion is unique as are the respective burdens that a moving party must meet.  Randhava responds that the trial court appropriately converted her motion into a motion for summary judgment, as it is the nature, rather than the title, of the motion that is relevant to the court's posture on the motion.  Randhava argues that her "fact-based" motion revealed the falsity of the only fact relevant to plaintiff's case.  According to Randhava, once she demonstrated that plaintiff's allegation regarding the price of the Asbury property was erroneous, summary judgment in favor of Randhava was appropriate. 

Randhava relies upon 
Malanowski v. Jabamoni
, 293 Ill. App. 3d 720 (1997), for the proposition that if it is proper for a court to transform a section 2-619 motion into a summary judgment motion on its own initiative, it is similarly appropriate for a court to convert a motion for sanctions under Rule 137 into a motion for summary judgment.  Randhava contends that the substance of the motion is the determinative factor as to how the court should treat a motion, and not the label attached to the motion by the moving party.  In 
Malanowski
, the court found that the moving party had mistakenly brought what was essentially a motion for summary judgment under section 2-619.  The court determined that the misdesignation of the party's motion was not fatal to the party's right to prevail because the nonmoving party had not suffered any prejudice or unfair surprise due to the error.  
Malanowski
, 293 Ill. App. 3d at 724.  The court further noted that a section 2-619(a)(9) motion is similar to a summary judgment motion because "a fact motion under section 2-619 essentially amounts to a summary judgment procedure."  
Malanowski, 
293 Ill. App. 3d at 724.

We find 
Malanowski
 to be inapposite to the present case.  In this case, the trial court did not  find that the moving party had erroneously designated its motion, but found that, under Rule 137, it could not make the specific factual findings required in order to award sanctions.  The court then 
sua sponte
 opted to "take" Randhava's motion for sanctions as a motion for summary judgment.
 
 
We agree with Randhava that the substance of the motion, not the title, should determine how the court should treat a motion.  However, here the substance of Randhava's 137 motion for sanctions addressed the issue of the purchase price which was only one of several allegations brought by the plaintiff concerning Randhava's self-dealing and duplicitous conduct.  A party requesting sanctions under Rule 137 has the burden of demonstrating that the opposing party made untrue assertions of fact without any reasonable cause.  
Reyes v. Compass Health Care Plans
, 252 Ill. App. 3d 1072, 1079 (1993).  In contrast, a party moving for summary judgment bears the burden of demonstrating that the pleadings, depositions, admissions and affidavits show no genuine issue of material fact as a matter of law.  
Kniffin v. Kniffin
, 119 Ill. App. 3d 106 (1983).  Thus, the motion for sanctions based on an alleged false assertion of the purchase price differs substantively from a motion for summary judgment which requires determination of whether any genuine issue of material fact exists in the context of the totality of the allegations brought by the plaintiff concerning Randhava's self-dealing and duplicitous conduct; including, but not limited to the purchase price.  

The granting or denying of a motion for summary judgment is not discretionary (
Zale Construction Co. v. Hoffman
, 145 Ill. App. 3d 235 (1986)), and the 
de novo
 standard of review is applied (
Demos v. National Bank
, 209 Ill. App. 3d 655 (1991)).  However, when resolving a motion for sanctions, the trial court has discretion to grant or deny a motion for sanctions and the standard of review is abuse of discretion.  155 Ill. 2d R. 137; 
Century Road Builders, Inc. v. City of Palos Heights
, 283 Ill. App. 3d 527, 531 (1996).  A Rule 137 motion concerns the allegations contained on the face of a complaint or other pleading, while a summary judgment motion is the procedural equivalent of a trial and constitutes an adjudication of the claim on the merits.  
Poulos v. Reda
, 165 Ill. App. 3d 793, 801 (1987); 
Hulett v. Central Illinois Light Co.
, 99 Ill. App. 3d 211 (1981).  Rule 137 specifically authorizes a trial court to impose sanctions on its own motion if appropriate.  In contrast, section 2-1005 does not discuss the possibility of a court granting summary judgment 
sua sponte
.  The statute does provide guidelines for either the plaintiff or the defendant to move for summary judgment.  However, nowhere in the statute does it authorize the court to dispose of the case as a matter of law, absent a request by one of the parties. In fact, the statute allows for the opposing party to file counteraffidavits before or at the time of hearing on the motion, thus affording time and opportunity for the opposing party to 
respond
 to the summary judgment motion. 735 ILCS 5/2-1005(c) (West 1998).
  These principles demonstrate that a motion for sanctions bears little resemblance to a motion for summary judgment.

Randhava further argues that if motions filed pursuant to section 2-619 are sufficiently fact based to be considered similar to a motion for summary judgment then her motion for sanctions under Supreme Court Rule 137 should be considered sufficiently factual to be considered a motion for summary judgment.  In support of this claim Randhava points to the fact that the motion was supported by "extensive evidentiary material, including documents obtained through discovery and discovery depositions."  

A review of the record reveals that the trial court stayed discovery in this matter, pending the court's ruling on Randhava's motion for sanctions.  However, the court did permit discovery regarding the purchase price of the Asbury property to proceed, in order to allow plaintiff to respond to Randhava's motion.  Prior to the hearing on the motion for sanctions under Rule 137, no depositions had been taken of any of the parties.  The buyers of the Asbury property had not been deposed.  The "extensive evidentiary material" to which Randhava refers could only have been "extensive" in terms of this single issue, because the trial court specifically prohibited discovery on all other issues raised by plaintiff's complaint.  The trial court permitted plaintiff the opportunity to establish the truthfulness of a single factual issue raised by his complaint, the purchase price of the Asbury property.  The tailoring of the discovery process to the narrow issue raised by Randhava's motion regarding a single allegation in plaintiff's multi-issue complaint hampered plaintiff's opportunity to respond to the court's 
sua sponte
 entry of summary judgment, ultimately disposing of plaintiff's entire case.  Summary judgment is a drastic and extraordinary remedy that should be granted with caution so as not to encroach upon a party's right to demonstrate the factual basis for its case where a question of material fact may exist.  
Wagener v. Papie
, 242 Ill. App. 3d 354 (1993).  
Here, plaintiff was not given an opportunity to demonstrate the factual basis for his complaint or to establish the existence of genuine issues of material fact as provided by section 2-1005(c) of the Illinois Code of Civil Procedure.  (735 ILCS 5/2-1005 (West 1998)). 

In addition, we note that the trial court's procedure failed to comply with Rule 2.1(e) of the circuit court of Cook County.  Rule 2.1(e) states: "Summary judgment -- A motion for summary judgment shall not be heard until ten (10) days after service of the notice of motion under Supreme Court Rule 11."  Cook Co. Cir. Ct. R. 2.1(e) (eff. July 1, 1976).  The Cook County Circuit Court Rules of Practice clearly provide for adequate notice to be given to a party before that party is called upon to defend against a motion for summary judgment.  The rules of the court have "'the force of a statute and [are] binding upon the parties, as well as the court.'" (Emphasis omitted.) 
 Scoby v. Vulcan-Hart Corp.
, 188 Ill. App. 3d 89, 93-94 (1989), quoting 
In re Estate of Young
, 414 Ill. 525, 535 (1953).
     

Our supreme court has recently discussed the procedural violations that occur when a trial court acts without notice to any party, fails to follow statutory procedure, and 
sua sponte 
enters a substantive dismissal order.  In 
People v. Kitchen
, No. 83654 (November 18, 1999), defendant filed a postconviction petition 
and issued several subpoenas on the Chicago police department.  Both the State and the police department moved in court to quash the subpoenas because they were overly broad.  Defendant agreed that the subpoenas were too broad and stated he would narrow his request.  Defendant then filed a motion for discovery and requested the court to issue five subpoenas.  The State objected to the motion, and the court set a date to rule on the discovery motion.  On that date, the court did not rule on the discovery motion but 
sua sponte 
dismissed defendant's postconviction petition even though the State never filed a motion to dismiss.  On direct appeal, the supreme court noted that in capital cases the Post-Conviction Hearing Act (725 ILCS 5/122-5 (West 1994)) does not authorize the trial court to summarily dismiss a postconviction petition, but requires the State to answer or move to dismiss the petition once it is docketed.  
Kitchen
, slip op. at 9.  The court concluded that the trial court's failure to give defendant notice that it intended to make a substantive ruling on the petition and its failure to follow the statute denied defendant procedural due process and required reversal of the dismissal order.  
Kitchen
, slip. op. at 8-9.

Similar to the Post-Conviction Hearing Act at issue in 
Kitchen
, section 2-1005 of the Code of Civil Procedure does not authorize the trial court to 
sua sponte
 summarily grant summary judgment, but allows the nonmoving party time to respond to the summary judgment motion.  735 ILCS 5/2-1005 (West 1998).  Equally important are
 the basic principles of our system that a party receive notice and an opportunity to respond to a potentially dispositive motion.   Such opportunity "is deeply imbedded in our concept of fair play and justice." 
English v. Cowell
, 10 F.3d 434, 437 (7th
 Cir. 1993).  Here, the court determined what type of motion the defendant should file and, without waiting for defendant to file it and without giving plaintiff an opportunity to respond to it, granted the motion and dismissed the case with prejudice.  The problem with this approach is that it not only may waste judicial resources, through producing unnecessary appeals and remands that may have been avoided, but it deprives the plaintiff of an opportunity to conduct discovery on the relevant issues, present evidence and argue against dismissal.  
Sawyer v. United States
, 831 F.2d 755, 759 (7th
 Cir. 1987)
, 
quoting 
Doe v. St. Joseph's Hospital
, 788 F.2d 411, 415 (7th
 Cir. 1986). 
 
 

Finally, Randhava argues that plaintiff waived any claim of error by failing to object to the court's procedure and by failing to file a motion to reconsider.  Randhava relies on 
Hollmann v. Putman
, 260 Ill. App. 3d 737 (1994), for support that plaintiff waived review of the trial court's grant of summary judgment.  
Hollmann
, however, is distinguishable.  In 
Hollmann
, defendant moved for summary judgment on two counts of plaintiffs' three-count complaint.  Defendant's prayer for relief, nevertheless, requested that plaintiffs' entire cause of action be barred and, at the motion hearing, all three counts of the complaint were discussed.  The trial court then granted summary judgment on all three counts.  On appeal, plaintiffs argued that the court erred because defendant never moved for summary judgment on count III.  The court concluded that plaintiffs waived review of this issue because they never objected during the summary judgment hearing to the court ruling on count III and the court further noted that arguments were held on all counts of the complaint.  
Hollmann
, 260 Ill. App. 3d at 740.   

Here, unlike the 
Hollmann
 case, no motion for summary judgment
 was pending and no

hearing was conducted on all counts of the complaint.  Moreover, no hearing was conducted regarding the question which is crucial to any summary judgment determination, and that is, whether there were any genuine issues of material fact as a matter of law.  
We further note that the issue of the purchase price is only one of several fact issues raised by plaintiff.  Whether plaintiff's several other allegations concerning Randhava's self-dealing and duplicitous conduct raised genuine issues of material fact was never addressed by the trial court's 
sua sponte
 substantive dismissal order.  Although plaintiff did not immediately object to the court's ruling, plaintiff later objected in the context of a discussion concerning whether to make the summary judgment final and appealable.  While, we recognize that generally, a contemporaneous objection made at the point when the court transformed the 137 sanction motion into a summary judgment motion is the better practice in order to preserve a claim of error for review, we note that the waiver rule is a limitation on the parties, not the reviewing court.  
Zoerner v. Iwan
, 250 Ill. App. 3d 576, 585 (
1993).
 

Moreover, the way in which the court ruled undermined the plaintiff's opportunity to object.  
By its very nature, a 
sua sponte 
ruling deprives a party of notice and an opportunity to raise objections because the court acts on its own and without any warning.  
Plaintiff was not given an opportunity to argue against and raise objections before summary judgment was granted.  
The record reflects that both parties arrived in court on June 10, 1998, 
only 
to obtain the court's final ruling on Randhava's motion for sanctions.  Upon arrival of both parties, the court read its findings and ruling directly into the record.  

"The defendants have moved for Rule 137 sanctions.  Of course Rule 137 provides in part that if a pleading is signed in violation of the rule, a court may impose an appropriate sanction.  The sanction that is usually sought under 137 is attorney's fees and costs.  In this case it is the dismissal of the litigation, and counsel have pointed out a few limited cases in which dismissal of litigation is considered either granted or not granted by courts under 137.  Cases, however, are normally dismissed through motion practice, either if not a motion to dismiss originally or by summary judgment.  In certain circumstances they are dismissed because of discovery sanctions, and in very rare situations are dismissed as 137 sanctions.

In order for a court to make a finding under 137, I need to make some very

specific findings, including that the complaint is baseless, it was not filed for any proper purpose.  I have considered long and hard in this particular case, and I am simply not comfortable making findings under Rule 137.  I am going to on the court's own motion treat the two motions in front of me as motions for summary judgment.  And taking -- I have considered this case in that light. *** I am going to enter judgment for the defendant and against the plaintiff on the main case, which is in effect a dismissal of the main case."
  

Thus, in reading its decision into the record, the court, in a matter of moments, had: (1) denied defendants' motion for sanctions; (2) found Randhava's motion for rule to show cause to be moot; (3) transformed defendants' motion for sanctions into a motion for summary judgment 
sua sponte
; and (4) simultaneously granted the transformed motion in favor of summary judgment for both defendants.  By doing so, the court failed to comply with the specific procedures required by statute and circuit court rule when resolving a case by way of summary judgment.  735 ILCS 5/2-1005 (West 1998); Cook Co. Cir. Ct. R. 2.1(e) (eff. July 1, 1976).  Without notice or warning, the court 
sua sponte
 transformed Randhava's motion for sanctions into a motion for summary judgment and granted summary judgment for both defendants in the context of the single issue of the sale price of the Asbury property.  That process deprived plaintiff of the opportunity to conduct discovery on the other issues including the assertions of self-dealing alleged in the complaint; failed to give plaintiff notice of the trial court's decision to treat the sanction motion as a summary judgment motion; failed to give plaintiff an evidentiary hearing to demonstrate that there were material issues of fact; and deprived plaintiff of an opportunity to present written or oral argument against the 
sua sponte
 dismissal of his entire case.  We conclude the court erred in transforming the sanction motion into a summary judgment motion; therefore, we vacate the order granting summary judgment.  

III. The Court's Denial of Randhava's 137 Sanction Motion Was Not An Abuse of Discretion

We next address Randhava's cross-appeal of the trial court's denial of sanctions pursuant to Rule 137.  Randhava contends that plaintiff knowingly made a false allegation that the Asbury property sold for the sum of $180,000 and that this allegation was critical to plaintiff's ability to recover on his claim.  Randhava claims that, in light of the evidence presented to show that the Asbury property actually sold for $210,000, the trial court should have imposed appropriate sanctions against plaintiff.

A determination of whether to grant a party's motion for sanctions is a matter committed to the sound discretion of the trial court.  
Century Road Builders, Inc. v. City of Palos Heights
, 283 Ill. App. 3d 527, 531 (1996).  The trial court's decision will not be disturbed on appeal absent an abuse of discretion.  
Wagener
, 242 Ill. App. 3d at 363.  Upon review, the court should consider the following factors: (1) whether the trial court made an informed ruling; (2) whether the court based its ruling on valid reasons that fit the case; and (3) whether the trial court's ruling followed logically from the application of the reasons stated to the particular circumstances of the case.  
Kubiak v. City of Kewanee
, 228 Ill. App. 3d 605, 607 (1992).

            Randhava relies on 
Pritzker v. Drake Tower Apartments, Inc., 
283 Ill. App. 3d 587 (1996), for the proposition that sanctions should have been imposed because there was absolutely no basis in fact for Peterson to allege that the Asbury property sold for $180,000 as opposed to $210,000.  In 
Pritzker
, the third-party defendant admitted in her deposition that she had no basis in fact for making certain allegations in her fourth-party complaint.  
Pritzker
, 283 Ill. App. 3d at 592-93.  Here, there is no such admission, but rather plaintiff has indicated in his affidavit that there was a supplemental agreement that resulted in the reduction of the purchase price to $180,000.  Plaintiff attached checks representing the proceeds from the sale of the Asbury property consistent with the $180,000 figure.  John Keating, the attorney who represented the buyers,  indicated in his deposition that he did not have an understanding of the purchase price because of the unique relationship between the buyer and the plaintiff.  He further indicated that he "was concerned about the HUD statement reflecting a particular purchase price, and if that wasn't the contract price, [he] didn't want to be in a position where there was a fraud committed on the lender."  Barry Seltzer, son of the buyers, stated in his affidavit that the lender was informed of the reduction in the purchase price. 

Unlike the record in 
Pritzker
, which established that the third-party defendant was at least "reckless" in signing her affidavit, here, there is conflicting evidence as to whether plaintiff made a false statement regarding the purchase price.  In this case, the trial court noted the very specific findings that must accompany the imposition of sanctions against a party.  The trial court specifically stated, "I am simply not comfortable making findings under Rule 137."  The conclusion of the trial court is supported by the record.  We note that plaintiff's claims against Randhava are based upon her fiduciary duties to plaintiff, Randhava's principal in the sale of the Asbury property and joint venture partner.  The issue of the purchase price is only one of several allegations brought by plaintiff concerning Randhava's alleged self-dealing and duplicitous conduct for the purpose of acquiring the Old Glenview Road property for herself to the exclusion of the plaintiff.  Here no depositions of the parties or of the purchasers of the Asbury property have been taken.  

At this point in the proceedings, based on the conflicting evidence, the record fails to sufficiently demonstrate that plaintiff made a false statement in his pleadings regarding the purchase price without a reasonable basis to believe that it was true.  In light of the limited discovery in the case, the absence of depositions from the parties and the buyers of the Asbury property, and the conflicting evidence, we find that the court's denial of defendants' motion for sanctions was not an abuse of discretion.

For the foregoing reasons, the order of the circuit court of Cook County is reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion.

Reversed in part and affirmed in part; cause remanded.

TULLY and GALLAGHER, JJ., concur.