**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190430-U

Order filed June 23, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| MAY S. YAZEJI, | ) | of the 14th Judicial Circuit, |
| | ) | Rock Island County, Illinois. |
| Petitioner-Appellee, | ) | |
| | ) | Appeal No. 3-19-0430 |
| and | ) | Circuit No. 13-D-481 |
| | ) | |
| BASSAM A. ASSAF, | ) | The Honorable |
| | ) | Peter W. Church, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

JUSTICE DAUGHERITY delivered the judgment of the court.
Justice Holdridge concurred in the judgment.
Justice Holdridge also specially concurred.
Justice Wright specially concurred.

_____

**ORDER**

¶ 1        *Held*:  In an appeal in a dissolution of marriage case, the appellate court found that the trial court erred by imposing Supreme Court Rule 137 sanctions on the former husband for filing a motion to stay enforcement of the parenting plan after the husband had already filed a notice of appeal.  The appellate court, therefore, reversed the trial court's imposition of sanctions and remanded the case with directions to the trial court to enter an order requiring that the sanctions amount be refunded to the former husband, if the sanctions amount had already been paid.

¶ 2 In a dissolution of marriage proceeding, respondent, Bassam A. Assaf, filed notices of appeal to challenge the trial court's dissolution judgment and parenting plan. After doing so, Assaf later filed in the trial court a motion to stay the enforcement of the parenting plan while his appeals were pending, pursuant to Illinois Supreme Court Rule 305(b) (eff. July 1, 2017). Petitioner, May S. Yazeji, filed a motion to strike and dismiss Assaf's request for a stay, and sought to have Supreme Court Rule 137 (eff. Jan. 1, 2018) sanctions imposed against Assaf for filing a "meritless" motion. Following a hearing, the trial court found that it did not have jurisdiction to rule upon Assaf's stay request because Assaf had already filed a notice of appeal. The trial court, therefore, granted Yazeji's motion to strike and dismiss and imposed sanctions on Assaf of nearly $5000 for the attorney fees that Yazeji had incurred defending against the stay request. Assaf appeals. We reverse the trial court's imposition of sanctions and remand this case with directions to the trial court to enter an order requiring that the sanctions amount be refunded to Assaf, if the sanctions amount has already been paid.

¶ 3                                         I. BACKGROUND

¶ 4 The parties, Yazeji and Assaf, were both medical doctors. They were married in 2001 and had four children together over the next several years. In October 2013, Yazeji filed a petition for dissolution of the parties' marriage. More than five years later, in March 2019, the trial court entered a judgment of dissolution, an opinion and order explaining its decision at length, and a detailed parenting plan. In the parenting plan, the trial court granted all of the significant decision making authority to Yazeji. The trial court also granted to Yazeji the majority of the parenting time, which had previously been split equally between the parties.

¶ 5    In April 2019, Assaf filed an initial notice of appeal to challenge the dissolution judgment and the parenting plan. A second notice of appeal was filed in June 2019.[1] Three days after he filed the second notice of appeal, Assaf filed a motion to stay in the trial court, pursuant to Supreme Court Rule 305(b), seeking to stay the enforcement of the parenting plan and to restore the prior equal parenting time allocation while his appeals were pending. In the motion, Assaf alleged that the parties' children had "deteriorated" after the parenting plan had been implemented.

¶ 6    Yazeji filed a motion to strike and dismiss (motion to strike) Assaf's motion to stay. In her motion to strike, Yazeji asserted that the trial court lacked jurisdiction to rule upon Assaf's stay request because Assaf's filing of the second notice of appeal divested the trial court of jurisdiction and, alternatively, that Assaf's stay request lacked merit. Yazeji asked the trial court to dismiss or deny Assaf's stay request and to award Yazeji the attorney fees she had incurred in defending against the request.

¶ 7    Assaf filed a response and opposed the motion to strike. In the response, Assaf argued that his request to stay was a collateral matter that the trial court retained jurisdiction to rule upon, despite Assaf's filing of a notice of appeal.

---

[1] The record in this appeal does not clearly indicate why Assaf filed two notices of appeal in the trial court. Therefore, we have taken judicial notice of the record in respondent's other appeal (respondent's appeal of the dissolution judgment and parenting plan) to the extent necessary to answer that question. See *People v. Jimerson*, 404 Ill. App. 3d 621, 634 (2010) (indicating that the reviewing court may take judicial notice of public records and other judicial proceedings and taking judicial notice of the record in a codefendant's appeal where the defendant and codefendant had received severed, but simultaneous, jury trials). The record in the other appeal shows that after respondent filed his initial notice of appeal, the parties both filed motions in the trial court asking the trial court to reconsider portions of its judgment. Respondent, thereafter, filed a motion in this court in the other appeal, pursuant to Illinois Supreme Court Rule 303(a)(2) (eff. July 1, 2017), to hold the other appeal in abeyance until the motions to reconsider were resolved. This court granted that motion. After the motions to reconsider were resolved in the trial court, respondent filed his second notice of appeal, and the abeyance was lifted.

¶ 8    In July 2019, a hearing was held on Assaf's stay request. After listening to the arguments of the attorneys, the trial court found that it had no jurisdiction to rule upon Assaf's stay request because the trial court had been divested of jurisdiction when Assaf filed his second notice of appeal. The trial court, therefore, denied the stay request and imposed Rule 137 sanctions upon Assaf for filing a motion that was "frivolous and patently without merit." In so doing, the trial court commented that it would be obvious to a reasonable practitioner that the trial court lacked jurisdiction to rule upon Assaf's stay request. After Yazeji's attorneys submitted itemized statements of their fees related to the stay request, which totaled nearly $5000, the trial court ordered Assaf to pay that amount as a sanction within 21 days. Assaf appealed.

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, Assaf raises two issues. First, Assaf argues that the trial court erred in imposing Rule 137 sanctions upon him. Assaf asserts that sanctions should not have been imposed because his motion to stay was not frivolous since the trial court either had jurisdiction to rule upon Assaf's motion to stay or, at the very least, Assaf had a good faith basis to believe that the trial court had jurisdiction. Second, Assaf argues, in the alternative, that even if sanctions were properly imposed, the amount of sanctions that the trial court ordered in this case was excessive. For those reasons, Assaf asks that we reverse or vacate the trial court's imposition of sanctions and that we order the amount of sanctions that Assaf paid be refunded to Assaf. Although not stated, we presume that in the alternative, Assaf would have us remand this case for a new determination as to the appropriate sanctions amount.

¶ 11    Yazeji argues that the trial court's ruling was proper and should be upheld. Yazeji asserts that the trial court correctly found that it had been divested of jurisdiction when Assaf filed his notice of appeal and that it lacked jurisdiction to rule upon Assaf's motion to stay. Yazeji asserts

4

further that the sanctions imposed in this case were not excessive. For those reasons, Yazeji asks that we affirm the trial court's judgment.

¶ 12 Supreme Court Rule 137's purpose is to prevent the filing of false and frivolous lawsuits. *Peterson v. Randhava*, 313 Ill. App. 3d 1, 7 (2000). Rule 137 authorizes the trial court to impose sanctions against a party or attorney who files a motion or pleading that does not have a well-grounded factual basis; that is not supported by existing law or a good-faith argument for the extension, modification, or reversal of existing law; or that is brought for an improper purpose. Ill. S. Ct. R. 137(a) (eff. Jan. 1, 2018); *Peterson*, 313 Ill. App. 3d at 6-7. In determining whether to impose Rule 137 sanctions, the trial court will apply an objective standard and will consider what was reasonable under the circumstances as they existed at the time the pleading or motion was filed. *Whitmer v. Munson*, 335 Ill. App. 3d 501, 514 (2002). The rule is not intended to penalize litigants and their attorneys merely because they were zealous but unsuccessful in pursuing an action. *Peterson*, 313 Ill. App. 3d at 7. Because the rule is penal in nature, it must be strictly construed. *Id.*

¶ 13 A trial court's ruling on a request for Rule 137 sanctions will not be reversed on appeal, absent an abuse of discretion. *Id.* at 14. The threshold for finding an abuse of discretion is a high one and will not be overcome unless it can be said that the trial court's ruling was arbitrary, fanciful, or unreasonable, or that no reasonable person would have taken the view adopted by the trial court. See *Blum v. Koster*, 235 Ill. 2d 21, 36 (2009); *In re Leona W.*, 228 Ill. 2d 439, 460 (2008). More specifically, when reviewing a trial court's decision on a motion for sanctions, the reviewing court should consider whether the trial court made an informed decision, whether the trial court's ruling was based on valid reasoning, and whether the trial court's ruling followed logically from the facts. *Peterson*, 313 Ill. App. 3d at 14.

5

¶ 14    The trial court's sanction order in the instant case was based upon its finding that it lacked jurisdiction to rule upon Assaf's motion to stay after Assaf filed his second notice of appeal. A notice of appeal is a procedural device that when timely filed with the trial court, vests jurisdiction in the appellate court to permit review of the trial court's judgment. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 173 (2011). Once a notice of appeal is filed, the jurisdiction of the appellate court attaches *instanter*, and the cause of action is beyond the trial court's jurisdiction. *Id.* The trial court, however, retains jurisdiction after the notice of appeal is filed to determine matters that are collateral or incidental to the judgment. *Id.* at 173-74. The question here is whether a motion to stay is such a matter.

¶ 15    Supreme Court Rule 305(b), which allows for the filing of the stay request in the instant case, does not state whether a motion to stay is collateral or incidental to the judgment or whether the trial court may rule upon such a motion after an appeal has been filed. See Ill. S. Ct. R. 305(b) (eff. July 1, 2017). Our supreme court, however, has previously indicated that a stay of judgment is collateral to the judgment and does not alter the issues on appeal. *Pappas*, 242 Ill. 2d at 174; *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 526 (2001). We must conclude, therefore, that a trial court may rule upon a motion to stay after a notice of appeal has been filed. See *Pappas*, 242 Ill. 2d at 173-74; *Steinbrecher*, 197 Ill. 2d at 526.

¶ 16    In the present case, Assaf's stay request was collateral to the trial court's dissolution judgment and parenting plan. See *Pappas*, 242 Ill. 2d at 174; *Steinbrecher*, 197 Ill. 2d at 526. The trial court, therefore, retained jurisdiction to rule upon Assaf's motion to stay and was not divested of jurisdiction to do so by Assaf's filing of the second notice of appeal. See *Pappas*, 242 Ill. 2d at 173-74; *Steinbrecher*, 197 Ill. 2d at 526. The trial court's ruling to the contrary was legally incorrect. See *Pappas*, 242 Ill. 2d at 173-74; *Steinbrecher*, 197 Ill. 2d at 526. Assaf's

6

motion to stay was not false or frivolous and could not serve as a basis for Rule 137 sanctions. See Ill. S. Ct. R. 137(a) (eff. Jan. 1, 2018); *Peterson*, 313 Ill. App. 3d at 7. Thus, the trial court abused its discretion when it imposed Rule 137 sanctions upon Assaf. See *Blum*, 235 Ill. 2d at 36; *Leona W.*, 228 Ill. 2d at 460.

¶ 17                                        III. CONCLUSION

¶ 18            For the foregoing reasons, we reverse the trial court's imposition of sanctions and remand this case with directions to the trial court to enter an order requiring that the sanctions amount be refunded to Assaf, if the sanctions amount has already been paid.

¶ 19            Reversed and remanded with directions.

¶ 20            JUSTICE WRIGHT specially concurring:

¶ 21            I specially concur on separate grounds. At the outset, it is understandable that the trial court found Assaf's notice of appeal divested the trial court of jurisdiction. Due to unconventional timing, Assaf's first notice of appeal created a jurisdictional issue that most trial courts, and practitioners appearing regularly before the trial court, never encounter. Nonetheless, I agree the trial court's order, striking Assaf's motion to stay and imposing Rule 137 sanctions, must be reversed as a matter of law.

¶ 22            Here, the confusing procedural posture of this appeal is the direct consequence of errors that are not attributable to the trial court. First, Assaf's counsel filed a premature notice of appeal. Second, Assaf's counsel compounded that error by failing to recognize the notice of appeal was premature and ineffective. Consequently, Assaf's counsel did not discover the case law, cited below, that would have allowed the trial court to swiftly resolve the merits of the motion to strike.

7

¶ 23    Importantly, this court has held that when a party files a notice of appeal before the expiration of the 30-day deadline and then also files a timely postjudgment motion or claim, the result is an undisputedly premature and initially ineffective notice of appeal. See *In re Estate of Hanley*, 2013 IL App (3d) 110264, ¶ 43. Simply stated, an ineffective notice of appeal does not divest the trial court of jurisdiction. See *id*.

¶ 24    A strong argument could be made that Assaf's purported motion to stay did not involve a collateral matter but instead functioned as a postjudgment motion directed at core issues pertaining to the judgment, such as the best interests of the children, pursuant to section 2-1203 of the Code of Civil Procedure, 735 ILCS 5/2-1203 (West 2018). A request for sanctions constitutes a postjudgment claim for purposes of section 2-1203. See *Hanley*, 2013 IL App (3d) 110264, ¶ 43.

¶ 25    Regardless, whether we view Assaf's motion to stay as a simple motion to stay, based on collateral matters, or consider the motion to stay as a timely postjudgment motion, the outcome is the same. Namely, under either scenario, the trial court was not divested of jurisdiction due to an ineffective notice of appeal. See *id*.

¶ 26    This separate decision should not be misconstrued as an indication of my view of the merits of the motion to stay or the appropriateness, or lack thereof, of Rule 137 sanctions. I would simply reverse and remand the matter to the trial court for further proceedings on the pending motion to stay, unless the parties are able to reach an agreement on the motion to stay and the propriety of sanctions following remand.

¶ 27    JUSTICE HOLDRIDGE, specially concurring:

¶ 28    I join the majority's judgment. I agree with Justice Daugherity's analysis and with Justice Wright's analysis, both of which yield the same result.