FOURTH DIVISION
JUNE 15, 2006

No. 1-04-2228

| | | |
|---|---|---|
| HILARY KRAWCZYK and | ) | Appeal from the |
| ELIZABETH KRAWCZYK, | ) | Circuit Court of |
|     Plaintiffs-Appellants, | ) | Cook County. |
| | ) | |
|        v. | ) | |
| | ) | |
| TOM LIVADITIS, | ) | |
|     Defendant-Appellee | ) | No. 02 M1 101178 |
| | ) | |
| (BERTON N. RING, P.C., | ) | |
|     Appellant; | ) | |
| | ) | Honorable |
| SOULA J. SPYROPOULOS, | ) | John J. Hynes, |
|     Appellee). | ) | Judges Presiding. |

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs Hilary and Elizabeth Krawczyk, and appellant Berton N. Ring, P.C., appeal an order of the circuit court of Cook County awarding plaintiffs $4,200 in damages for defendant Tom Livaditis's breach of a lease and violations of the Chicago Residential Landlord and Tenant Ordinance (Chicago Municipal Code §§ 5-12-080, 5-12-100 (amended November 6, 1991)) (RLTO), arguing that the trial court:  (1) improperly merged the damages from the contract claim with those for multiple violations of section 5-12-080 and a violation of section 5-12-100; (2) abused its discretion in reducing the attorney fees and costs from $19,624 to $5,601.25; and (3) abused its discretion in failing to award sanctions under Illinois Supreme Court Rule 137 (155 Ill. 2d R. 137) against Livaditis and his counsel, appellant Soula J. Spyropoulos.

The issues relating to the improper merger of damages are best understood by briefly summarizing plaintiffs' seven-count complaint. Count I alleged breach of contract, demanding the return of the security deposit. Count II alleged that defendant failed to return the security deposit within the time stated by section 5-12-080 of the RLTO. Count III alleged that defendant commingled the security deposit with defendant's personal assets in violation of section 5-12-080 of the RLTO. Count IV alleged that defendant failed to provide the tenant with a summary of the RLTO, in violation of section 5-12-170 of the RLTO. Count V alleged that defendant failed to issue a receipt for the security deposit in violation of section 5-12-080 of the RLTO. Count VI alleged that defendant failed to maintain the leased premises, allowing tenant to vacate and have the security deposit refunded under section 5-12-110 of the RLTO. Count VII alleged that defendant violated section 5-12-100 of the RLTO by failing to notify the tenant of citations from the City of Chicago and a notice from People's Gas that it would discontinue utility service to the building. The trial court entered an award of $4,200, representing $1,400 on count VI and merging damages on counts I, II, III, V and VII. The trial court did not enter judgment on count IV.

The resolution of the damages issues are controlled by the text of the RLTO and this court's decisions in Plambeck v. Greystone Management & Columbia National Trust Co., 281 Ill. App. 3d 260 (1996), and Szpila v. Burke, 279 Ill. App. 3d 964 (1996). The award in this case was in the amount of $4,200--which includes the $1,400 security deposit (as damages for the failure to maintain). The $1,400 is separately marked in the judgment order, so it cannot be said that it was "merged" into the other damages. The damages for the breach of contract claim also represent the return of the security deposit and are properly merged with the damages for the failure to maintain, not with the other claims under the ordinance. However, this error is purely

technical. The trial court also awarded $2,800--twice the security deposit, which is the measure of damages under section 5-12-080(f) of the RLTO. As for the remaining $2,800, both Plambeck and Szpila provide for this singular award in cases of multiple violations of other portions of section 5-12-080.

Appellants argue that Szpila was overruled by our supreme court in Lawrence v. Regent Realty Group, Inc., 197 Ill. 2d 1, 12 (2001), but the sole issue in Lawrence was whether the RLTO required a landlord's violation of the interest payment provisions to have been willful before the tenant was entitled to recover the damages, attorney fees and costs. Our supreme court overruled Szpila to the extent that it conflicted with the court's decision, but otherwise stated that Szpila was "properly distinguished" by this court. Lawrence, 197 Ill. 2d at 12. This court distinguished Szpila on the grounds that there were multiple violations of the RLTO alleged in multiple counts and--secondarily--that the plaintiff in Szpila contributed to the compounding of violations by not acting earlier. Lawrence v. Regent Realty Group, Inc., 307 Ill. App. 3d 155, 159 (1999). Thus, the supreme court approved treating multiple violation cases differently.

Appellants also argue that People ex rel. Department of Public Health v. Wiley, 218 Ill. 2d 207 (2006), and City of Chicago v. Elevated Properties, L.L.C., 361 Ill. App. 3d 824 (2005), are persuasive authority for imposing a separate penalty for each violation of the RLTO. Wiley involved the Family Practice Residency Act (110 ILCS 935/1 et seq. (West 2002)), which created medical scholarship contracts that require the recipient to perform a term of service in designated shortage areas after becoming licensed to practice medicine. Section 10 of the statute provides that if a recipient fails to perform, the recipient "shall pay to the Department a sum equal to 3 times the amount of the annual scholarship grant for each year the recipient fails to

fulfill such obligation." 110 ILCS 935/10 (West 2002). This language expressly refers to penalties for "each year" of an annual scholarship. In contrast, the payment of a security deposit is a singular event and the RLTO does not specify double damages for "each" violation of 5-12-080. Similarly, in Elevated Properties, the vacant building registration ordinance specifically provided that every day a violation continued constituted a distinct and separate offense, with a mandatory fine for each offense. Wiley and Elevated Properties demonstrate that the City of Chicago could have employed such language, but chose not to do so.

However, section 5-12-080(f) provides that it "does not preclude the tenant from recovering other damages to which he may be entitled under this chapter." Chicago Municipal Code §§ 5-12-080(f) (amended November 6, 1991). Accordingly, plaintiffs are correct that the trial court erred in failing to award separate damages for the violation of section 5-12-100 (requiring disclosure to tenants regarding legal proceedings, cutoff of utilities), as the ordinance specifically states that such violations shall entitle the tenant to remedies under section 5-12-090.

In short, the trial court did not err in its calculation of damages for the breach of contract claim or the violations of section 5-12-080 of the RLTO. The trial court did err in failing to assess damages under section 5-12-090 for the violation of section 5-12-100. That error may have affected the amount of attorney fees and costs awarded, as any such calculation includes a consideration of the results achieved for the client. Kaiser v. MEPC American Properties, Inc., 164 Ill. App. 3d 978, 984 (1987). Thus, the trial court must reconsider these issues on remand.

Finally, appellants argue that the trial court erred in refusing to impose Rule 137 sanctions against defendant and defense counsel. Pursuant to Rule 137, the trial court may impose sanctions against a party or his counsel for filing a motion or pleading that is not well grounded in fact, not supported by existing law, or lacks a good-faith basis for modification,

reversal, or extension of the law, or is interposed for any improper purpose. Peterson v. Randhava, 313 Ill. App. 3d 1, 6-7 (2000). As the Peterson court explained, "[t]he purpose of Rule 137 is to prevent the filing of frivolous and false lawsuits." Peterson, 313 Ill. App. 3d at 7. Yet, "the rule is not intended to penalize litigants and their attorneys merely because they were zealous, yet unsuccessful." Peterson, 313 Ill. App. 3d at 7. Because the rule is penal in nature, it must be strictly construed. Peterson, 313 Ill. App. 3d at 7. When called upon to determine whether sanctions were appropriate in a given case, we employ an abuse of discretion standard of review. Baker v. Daniel S. Berger, Ltd., 323 Ill. App. 3d 956, 963 (2001). A trial court abuses its discretion when no reasonable person could take the view it adopted. Technology Innovation Center, Inc. v. Advanced Multiuser Technologies Corp., 315 Ill. App. 3d 238, 244 (2000).

In this case, the trial court found that this was one of many cases where the lawyers seemed incapable of getting along, but ultimately concluded that under the circumstances, sanctions were unwarranted. Following a review of the record, we cannot say that no reasonable person would take this view. Accordingly, the trial court did not abuse its discretion in denying plaintiffs' motion for sanctions.

For all of the aforementioned reasons, this case is reversed and remanded for a recalculation of damages, fees and costs consistent with this opinion.

Affirmed in part and reversed in part; cause remanded.

QUINN, P.J., and MURPHY, J,, concur.