NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180686-U

NO. 4-18-0686

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 13, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Scott County |
| JAMES G. HOWE, | ) | No. 12CF9 |
| Defendant-Appellant | ) | |
| | ) | |
| | ) | Honorable |
| (John R. Baldwin, in His Official Capacity as Acting | ) | Ryan M. Cadagin, |
| Director of the Department of Corrections, Intervenor- | ) | Judge Presiding. |
| Appellee). | ) | |
| | ) | |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Knecht and Harris concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court remanded with directions, finding the pleadings and the record presented were insufficient to enable the court to affirm or reverse the trial court's ruling.

¶ 2   In October 2017, defendant, James G. Howe, filed a petition seeking judicial review challenging the adequacy of the treatment he was receiving after being committed to the Illinois Department of Corrections (IDOC) as a sexually dangerous person.

¶ 3   In May 2018, John R. Baldwin, in his official capacity as acting director of IDOC (Intervenor), responded to the petition asking that it be dismissed for failing to state a sufficient claim and seeking relief which was statutorily unavailable. Despite arguments for dismissal, Intervenor filed this formal response rather than filing a motion to dismiss.

¶ 4          In September 2018, the trial court heard arguments regarding Intervenor's response. At the hearing, defendant's counsel sought to couch the argument under the terms of a section 2-619 motion to dismiss (735 ILCS 5/2-619 (West 2016)) (involuntary dismissal based upon certain defects or defenses). Intervenor argued defendant's petition failed to state a due process claim, failed to allege facts upon which any relief could be granted, and failed to specify any basis upon which relief could be granted. Without explanation, the trial court granted Intervenor's motion to dismiss.

¶ 5          On appeal, defendant claims (1) his petition was sufficient to state a claim upon which relief can be granted and (2) there is no affirmative matter that would defeat defendant's claim. We remand with directions.

¶ 6                                    I. BACKGROUND

¶ 7          We first note some of the facts presented at previous hearings are set forth in detail in *People v. Howe*, 2014 IL App (4th) 140054-U, and in *People v. Howe*, 2017 IL App (4th) 170576-U, and will not be repeated except where relevant to the court's ruling here.

¶ 8          In November 2013, the court found defendant to be a sexually dangerous person pursuant to the Illinois Sexually Dangerous Persons Act (Act) (725 ILCS 205/1.01 *et seq.* (West 2012)) and committed him to IDOC for treatment until he is recovered and found not to be dangerous. See 725 ILCS 205/9 (West 2012). At the hearing, the State called three women who testified defendant sexually assaulted them. The State also called two psychiatrists who testified defendant suffered from a personality disorder with antisocial features and was likely to commit further acts of sexual violence if not confined.

¶ 9          In January 2015, defendant filed a petition for discharge or conditional release, claiming he was no longer sexually dangerous and indicating that if discharged, he had a "release

plan" that would "adequately protect the public." See 725 ILCS 205/10 (West 2014) (director of IDOC may petition the court authorizing conditional release if inmate appears to no longer be sexually dangerous but director cannot determine if inmate has fully recovered). In January 2016, after a jury trial, defendant was found "to be no longer sexually dangerous" and was conditionally released in February 2016 pursuant to the trial court's conditional release order.

¶ 10　　　　In June 2017, the State filed a petition to revoke defendant's conditional release. After a hearing on the petition, the trial court found defendant violated the terms of his conditional release and returned defendant to IDOC "under the terms of his original commitment order."

¶ 11　　　　In October 2017, defendant filed a "Petition Seeking Judicial Review of the Adequacy of Care and Treatment Provided by the Director of the Illinois Department of Corrections," alleging he has never received drug or alcohol treatment at his place of incarceration and therefore he will never be able to "progress in recovery" to the point of being found not dangerous to attain his release from IDOC. In the petition, he acknowledges receiving "sex-offense specific treatment" while being incarcerated in Big Muddy River Correctional Center (Big Muddy) but alleges that in order to progress with his mandated treatment recovery under the Act (725 ILCS 205/1.01 *et seq.* (West 2016)), he needs to be afforded the opportunity to participate in and complete substance abuse treatment.

¶ 12　　　　On May 25, 2018, Intervenor filed a petition for leave to intervene and respond to defendant's petition seeking judicial review. In its response, Intervenor argues defendant's petition should be dismissed because it was insufficient as a matter of law, failed to allege sufficient facts upon which to base a claim, and his request for relief was beyond the scope of the

trial court's purview. After a hearing in September 2018, the trial court agreed and dismissed defendant's petition.

¶ 13    This appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15    "If I had a world of my own, everything would be nonsense. Nothing would be what it is, because everything would be what it isn't. And contrary wise, what is, it wouldn't be. And what it wouldn't be, it would. You see?" Lewis Carroll, *Alice's Adventure in Wonderland* (1865).

¶ 16    We note at the outset, defendant's petition contains a number of false claims, easily disproven by an examination of the commitment order of November 1, 2013, as well as the transcript of the hearing on September 27, 2018, both of which are a part of the record. Through a tortured interpretation of the trial court's order, a misinterpretation of the Act, and misstatement of the testimony of the expert witnesses at his trial in October 2013, defendant asserts he has not been provided treatment "designed to effect recovery" as required by the Act. The false claims explain not only why defendant's brief carefully references defendant's claims as allegations only, never contending they are facts, but also why counsel was so determined to frame Intervenor's response as a motion under section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2016)) in an effort to elevate the false allegations to the level of "facts" in order to avoid dismissal at the pleading stage.

¶ 17    By mischaracterizing Intervenor's response, defendant seeks to frame the issues into an argument he believes he can defeat. We review *de novo* orders granting section 2-615 (735 ILCS 5/2-615) (West 2016)) and section 2-619 (735 ILCS 5/2-619 (West 2016)) motions to dismiss. *Grant v. State*, 2018 IL App (4th) 170920, ¶¶ 12-13, 110 N.E.3d 1089. When applying the *de novo* standard of review, the appellate court uses the record compiled in the trial court but

reviews the law and facts without deference to the trial court's ruling. "Under the *de novo* standard, the reviewing court performs the same analysis that the trial court would perform." *People v. McDonald*, 2016 IL 118882, ¶ 32, 77 N.E.3d 26.

¶ 18                                    A. The Pleadings

¶ 19        Defendant's petition sought judicial review of the adequacy of his care and treatment pursuant to his civil commitment under the Act. (725 ILCS 205/1.10 *et seq.* (West 2016)) The relevant substantive allegations of his petition include: (1) he has never been provided treatment designed to effect his recovery from his committing diagnosis, but that he had received "only sex offense specific treatment"; (2) his treatment "is not designed to effect his recovery and treatment" because he "has never received drug or alcohol treatment"; (3) in order for IDOC to fulfill their obligations and for him to progress in recovery, he "would have to be afforded substance abuse treatment," which has never been and is not currently available at the facility in which he is assigned (Big Muddy); (4) he will never be able to fully recover at Big Muddy under his current treatment, and full recovery is the statutory prerequisite to discharge. As a result, defendant contended his "Constitutional Rights under the Fourteenth Amendment's Due Process Clause, and his liberty interests" were "severely and irreparably" violated.

¶ 20        In support of his petition, defendant alleged "he has never received any treatment designed to effect his full recovery from disorders [the trial court] cited in its commitment Order" on November 1, 2013. According to defendant, these unspecified disorders caused him to have a propensity to commit sex offenses and made him "substantially probable to re-offend." He also said these disorders "served as the essential element in the court's determination to commit [defendant]." Defendant further alleged he was originally committed for an Axis 1 diagnosis of substance abuse. Defendant also alleged in the original commitment order the trial

court found three experts "unanimously agreed that [defendant] currently suffered from substance abuse disorders" and that it was the "substance disorders [the trial court] utilized to commit him." He further contended the "offense specific treatment" since his commitment is inappropriate.

¶ 21 The relief defendant sought included treatment "designed to effect [defendant's] individual recovery" within 21 days, immediate discharge if treatment does not begin in that time, Intervenor to be held responsible for all costs of treatment, housing, and related expenditures, compensation to defendant in the amount of $137 per day of confinement, or, as an alternative to all the above, a transfer to another facility.

¶ 22 Of the enumerated substantive allegations and the claims regarding what transpired in the trial court at the time of his initial commitment, the only true statements are that defendant has been provided sex offense specific treatment and full recovery is a statutory prerequisite to discharge. The remainder are either patently false or misstatements of the record.

¶ 23 Intervenor, instead of filing a motion to dismiss and designating under which section he was requesting dismissal, filed a response to the petition, contending: (1) defendant's motion was insufficient as a matter of law to require the trial court to review defendant's care and treatment plan, (2) defendant failed to allege any facts which could result in a conclusion his current plan of care and treatment was not adequately "designed to effect recovery," and (3) the relief sought was beyond what the court could statutorily provide as part of reviewing the adequacy of defendant's individualized care and treatment plan. Intervenor asserted the conclusory allegations and facts irrelevant to defendant's sex offender treatment did not address his individualized care and treatment plan and did not state facts sufficient to support the claimed inadequacy of treatment to effect recovery. Further, Intervenor contended the facts defendant did

allege were irrelevant to treatment for a sexually dangerous person and defendant provided no explanation of how his alleged substance abuse disorder impacted sex offender treatment. Intervenor also noted the only relief available to defendant under a *McDougle* proceeding was assessment of his condition and an order for additional treatment necessary to effectuate recovery. See *People v. McDougle*, 303 Ill. App. 3d 509, 523, 708 N.E.2d 482, 492 (1999) (sexually dangerous persons must be provided the opportunity to seek judicial review of the adequacy of the care being provided to them by IDOC).

¶ 24                                    B. The Hearing

¶ 25        At the hearing on defendant's petition, his counsel began with a request to clarify Intervenor's response as a section 2-619 motion to dismiss. Contrary to his assertion on appeal, neither the assistant attorney general (AAG) who appeared on Intervenor's behalf or the trial court ever referred to the petition as a dismissal under section 2-619. Defense counsel's comment to the court in its entirety was:

> "[COUNSEL]: I guess just for clarification the response looks like a 619 Motion to dismiss at this point because there is absolutely no evidence, simply allegations and there are additional response [*sic*]. So that's what we are thinking. In fact, it's captioned, they're asking to dismiss and we are obviously opposing it.
>
> THE COURT: Correct?
>
> [AAG]: Correct.
>
> THE COURT: Counsel, you want to speak to—."

¶ 26        The AAG then proceeded to argue the substance of his motion, acknowledging, although labeled as a response, it was intended as a motion to dismiss, for the same reasons as outlined above. Defendant's counsel, couching Intervenor's motion as a section 2-619 motion,

argued there were sufficient factual allegations pleaded and asked that "the Department's Response or Motion to Dismiss whatever you want to characterize it as be denied and that the defendant [*sic*] be directed to substantially to [*sic*] answer within 30 days." The court's ruling was as follows: "Based off the pleadings of all the parties and the argument in court, the People's Motion to Dismiss would be granted."

¶ 27 Neither the AAG nor the trial court identified the response as a motion to dismiss under sections 2-619 or 2-615. The AAG's response, "correct," could just as easily relate to the very last comment of counsel that, although labeled as a "response," it was actually a motion to dismiss, which defendant opposed. The AAG acknowledged they were seeking to dismiss the petition for the reasons stated, and the court dismissed the petition.

¶ 28                                    C. Section 2-619

¶ 29 Under section 2-619, a defendant's motion to dismiss will be granted when "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2016). The purpose of a section 2-619 motion is to "dispose of issues of law and easily proved issues of fact at the outset of litigation." *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367, 799 N.E.2d 273, 278 (2003). The party challenging the petition admits the legal sufficiency of the petition but asserts an affirmative defense or other matter which defeats the petition. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 115, 619 N.E.2d 732, 735 (1993). An affirmative matter "is something in the nature of a defense which negates the cause of action completely ***." *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 486, 639 N.E.2d 1282, 1290 (1994). In addition to negating the cause of action completely, an affirmative matter also "refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." *Nickum*, 159 Ill. 2d at

- 8 -

486. However, careful pleading practice dictates the attorney must specifically designate what section his or her motion to dismiss falls under pursuant to the Code. *Nickum*, 159 Ill. 2d at 484. If the grounds warranting dismissal do not appear on the face of the pleading being attacked, the motion to dismiss under section 2-619 must be supported by affidavit. 735 ILCS 5/2-619 (West 2016). See also *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, ¶ 19, 36 N.E.3d 999.

¶ 30 The grounds warranting dismissal of defendant's petition under section 2-619 are not on the face of the pleadings but rather contained in the trial court's commitment order. Defendant's petition first invoked the commitment order, yet Intervenor failed to attach the commitment order as an affidavit, even though it is contained within the reviewing record. Here, Intervenor claims the trial court's commitment order finding defendant to be a sexually dangerous person under the Act is an affirmative matter negating this cause of action completely. In claiming he needs substance abuse treatment separate from mandated sex offender treatment, defendant argues this treatment is necessary for his recovery because it is part of the diagnosis under his original commitment to IDOC as a sexually dangerous person. In fact, defendant's claim in his petition, repeated in appellant's brief, that alcohol abuse and cannabis abuse were included as "disorders this court cited in its commitment Order (Nov. 1st, 2013)" is entirely false. While it is true one of the testifying psychiatrists, Dr. Killian, referenced a possible diagnosis of "polysubstance dependence," and another provided diagnoses of alcohol and cannabis abuse, along with a personality disorder not otherwise specified with antisocial features, the court's order committing him as a sexually dangerous person made no mention of any substance abuse issues either as a part of, or separately required for, treatment.

¶ 31 While the trial court's commitment order appears to refute defendant's petition, it was not properly attached as an affidavit. The statue and supporting authority do not simply

- 9 -

recommend a party attach an affidavit if the reasons to dismiss do not appear on the face of the pleadings, it *requires* it. See 735 ILCS 5/2-619 (West 2016) (If the grounds do not appear on the face of the pleading attacked the motion *shall* be supported by affidavit.) See also *O'Callaghan*, 2015 IL App (1st) 142152, ¶ 19 (motion to dismiss under section 2-619 *must* be supported by affidavit where grounds for the motion do not appear on the face of complaint). Furthermore, although defendant's counsel characterized Intervenor's response as a section 2-619 motion at the hearing, Intervenor never affirmatively stated it should be interpreted as such. He only confirmed that his response should be construed as a motion to dismiss; he never designated which section applied. Because Intervenor never properly pleaded or designated his motion to dismiss, we are unable to ascertain under what section of the Code he requests dismissal.

¶ 32                    D. Combined Motion Under Section 2-619.1

¶ 33        On appeal, both parties argue the sufficiency of the trial court's decision to dismiss under both sections 2-619 and 2-615 of the Code. Defendant, however, claims alternatively that because Intervenor did not file a motion to dismiss or raise an argument based on section 2-615, Intervenor has waived any section 2-615 argument.

¶ 34        Section 2-619.1 allows for a combined motion to dismiss (735 ILCS 5/2-619.1 (West 2016)), and in fact, *defendant* refers to the response as appearing to be a combined section 2-619.1 motion in his brief. A motion under section 2-619.1 permits a party to "combine a section 2-615 motion to dismiss based upon a plaintiff's substantially insufficient pleadings with a section 2-619 motion to dismiss based upon certain defects or defenses." *Edelman, Combs & Latturner v. Hinshaw & Culbertson*, 338 Ill. App. 3d 156, 164, 788 N.E.2d 740, 747 (2003). On appeal, the trial court's dismissal of a complaint under section 2-619.1 is reviewed *de novo*. *Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill. App. 3d 399, 402, 911 N.E.2d 1049, 1052

(2009). A combined motion under this section states the motion "shall be in parts. Each part shall be limited to and shall specify that it is made under one of Sections 2-615 [or] 2-619 ***." 735 ILCS 5/2-619.1 (West 2016).

¶ 35    Intervenor did not properly title his response as a combined motion to dismiss under section 2-619.1. However, his response appears to combine arguments to dismiss under both sections. Under section 2-619.1, the moving party cannot comingle the claims; the moving party *must* comply with the statute when combining motions to retain the appropriate procedural distinctions. (emphasis added) *Mareskas-Palcek v. Schwartz, Wolf & Bernstein*, *LLP*, 2017 IL App (1st) 162746, ¶ 20, 90 N.E.3d 463.

¶ 36    Again, because intervenor did not properly plead his motion to dismiss, we cannot ascertain if it was his intention to plead a combined motion to dismiss under section 2-619.1. While he appears to argue dismissal under sections 2-615 and 2-619, at best, we could only assume he intended to file a combined motion since the pleadings fail to reflect either. It is the responsibility of the movant to comply with the statute when combining motions to dismiss (*Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 20, 988 N.E.2d 984), and, in this instance, he failed to do so. When a motion does not comply with section 2-619.1, the trial court should *sua sponte* reject the motion and provide the movant an opportunity to meet the statutory requirements of the section or file separate motions under sections 2-615 and 2-619. *Howle v. Aqua Illinois, Inc.*, 2012 IL App (4th) 120207, ¶ 73, 978 N.E.2d 1132. But the court did not do that here. Instead, the court heard Intervenor's mixed arguments and granted the motion to dismiss without explaining the basis for dismissal.

¶ 37                    E. Section 2-615

¶ 38    Dismissal pursuant to a section 2-615 motion is proper "when 'it is clearly

- 11 -

apparent from the pleadings that no set of facts can be proven that would entitle the plaintiff to recover.' " *Sargent Shriver National Center on Poverty Law, Inc. v. Board of Education of the City of Chicago*, 2018 IL App (1st) 171846, ¶ 15, 122 N.E.3d 729 (quoting *Cochran v. Securitas Security Services USA, Inc.*, 2017 IL 121200, ¶ 11, 93 N.E.3d 493). Mere conclusions of law or facts unsupported by specific factual allegations in a complaint are insufficient to withstand a motion to dismiss for failure to state a cause of action upon which relief can be granted. *Midwest Medical Records Ass'n v. Brown*, 2018 IL App (1st) 163230, ¶ 12, 97 N.E.3d 125. To survive a motion to dismiss for the failure to state a cause of action, a complaint must be both legally and factually sufficient. In other words, a dismissal under section 2-615 by the trial court is proper if a petition does not establish a cause of action upon which relief may be granted. *Sweeney v. City of Decatur*, 2017 IL App (4th) 160492, ¶ 13, 79 N.E.3d 184. We review *de novo* a trial court's order granting a motion to dismiss under section 2-615. *Grant*, 2018 IL 170920, ¶ 12. "All objections to pleadings shall be raised by motion. The motion shall point out specifically the defects complained of, and shall ask for appropriate relief ***." 735 ILCS 5/2-615(a) (West 2016).

¶ 39        Based on his claims, defendant sought the following relief from the trial court: (1) his release from IDOC custody within 21 days if not provided with substance abuse treatment, (2) money damages for lack of substance abuse treatment, or (3) a transfer to a different IDOC facility to receive substance abuse treatment. However, defendant fails to reference any authority   upon which to grant defendant such relief. In fact, as Intervenor's response indicates, the only relief available to defendant under a *McDougle* proceeding is a review of his treatment and the authorization of additional treatment, if necessary, in order to help "effectuate his recovery." *McDougle*, 303 Ill. App. 3d at 518.

- 12 -

¶ 40    Defendant's petition is rife with conclusory statements but omits specific factual allegations to support a sufficient claim against Intervenor. When ruling on a motion to dismiss under section 2-615, the court must accept as true all well-pleaded facts, but not conclusory statements of law or facts. *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473, 905 N.E.2d 781, 789 (2009). Other than his statements that he has been adjudicated a sexually dangerous person and he has been provided sex offense specific treatment, of those facts not clearly refuted by the commitment order itself, many have to do with other proceedings not relevant to the petition or the relief sought or are simply conclusory in nature. Defendant's assertion is that he is "in reality being punished under the guise of treatment," or that, "[t]he State or possibly the Court does not care if [defendant] receives the correct treatment designed to effect his recovery," and "[defendant] has not received the appropriate treatment," which are also conclusions. Instead of providing factual details, he simply presumes he is entitled to substance abuse treatment and labels his current treatment as "inappropriate." Mere conclusions of law or facts unsupported by specific factual allegations in a complaint are insufficient to withstand a motion to dismiss for failure to state a cause of action upon which relief can be granted. *Brown*, 2018 IL App (1st) 163230, ¶ 12.

¶ 41    However, as previously stated, the Intervenor's response is not only improperly pleaded as a motion to dismiss, it is not properly designated under which section he is seeking dismissal. "All objections to pleadings shall be raised by *motion*." (Emphasis added.) 735 ILCS 5/2-615(a) (West 2016). The situation is exacerbated by defendant's counsel's failure to amend his *pro se* petition in order to better frame the issues for both the court and opposing counsel and the trial court's summary dismissal without setting forth findings or identifying the basis for dismissal under either section.

¶ 42    Based on all the above, it is impossible for this court to ascertain the nature of Intervenor's pleading or the basis upon which the trial court granted dismissal and apply the proper analysis without an undesirable level of speculation. Although this aspect of the Act's commitments may be a relatively underdeveloped area of law, motion practice is not. "Meticulous practice dictates that a lawyer specifically designate whether her motion to dismiss is pursuant to section 2-615 or section 2-619." *Nickum*, 159 Ill. 2d at 484. Accordingly, we remand this matter to the trial court to allow for more specificity in pleading since the nature of the motion determines our analysis of the record. We decline to rule substantively on the "response" as a motion to dismiss until presented with a proper record identifying which section of the Code is applicable. It will be left to the discretion of the trial court to determine how to proceed on the petition and response or any amendments thereto in order to provide a more complete record.

¶ 43                                III. CONCLUSION

¶ 44    For the reasons stated, we remand with directions.

¶ 45    Remanded with directions.