NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210564-U

NO. 4-21-0564

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 9, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| TRENT WARREN, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Champaign County |
| THE CITY OF URBANA, | ) | No. 21MR410 |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Anna M. Benjamin, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices DeArmond and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, concluding the circuit court properly dismissed the plaintiff's complaint because he failed to state a claim the defendant municipality violated the Freedom of Information Act when it redacted the plaintiff's own information in the documents furnished to the plaintiff pursuant to his request.

¶ 2    Plaintiff, Trent Warren, appeals from the Champaign County circuit court's judgment dismissing Warren's complaint under the Illinois Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2020)). On appeal, Warren argues the circuit court erroneously granted the City of Urbana's (the City) motion to dismiss his complaint because he stated a *prima facie* claim the City improperly redacted his own information in documents furnished to him pursuant to his FOIA request. Warren further argues the City failed to provide a sufficiently detailed factual basis for the redaction of Warren's information as required by statute. The City

responds the circuit court's dismissal of Warren's complaint was proper because he (1) admitted the information he requested was exempt and subject to redaction under sections 7(1)(b) and (c) of FOIA (5 ILCS 140/7(1)(b), (c) (West 2020)) and (2) failed to identify any applicable exceptions to the exemptions cited by the City. We agree with the City and affirm the circuit court's judgment.

¶ 3                                I. BACKGROUND

¶ 4            In January 2021, Warren, who is currently incarcerated at Pinckneyville Correctional Center, filed a request for records from the City pursuant to FOIA. Specifically, Warren requested as follows: "(1) Any and All Public Records for Residential Property of the Address 906 N. Gregory St. Urbana[,] Illinois, 61801, which include any foreclosures, Appraisal, Negotiated and Purchase Agreements. (2) A[n] updated [Area-Wide Records Management System ("ARMS")] Report for the name of the requestor."

¶ 5            In February 2021, the City responded to Warren's request, designating it as FOIA request number 2021-055. The City enclosed the records it found to be responsive to Warren's request along with a letter stating that "some of the information in the requested records may have been withheld or redacted." The City cited sections 7(1)(b) and (c) of FOIA (5 ILCS 140/7(1)(b), (c) (West 2020)), which exempt from disclosure "private" and "personal" information contained in public records, respectively.

¶ 6            In the enclosed records, the City had redacted information from two of the three pages, including (1) Warren's home address; (2) Warren's home telephone number; (3) Warren's date of birth; and (4) Warren's mother's name, home address, and home telephone number.

¶ 7            In February 2021, and as pertains to the issues presented in this appeal, Warren filed a request for review by the Public Access Counselor (PAC) pursuant to section 9.5 of

FOIA. See 5 ILCS 140/9.5 (West 2020) (providing for review of denied FOIA requests by the Office of the Attorney General). Warren asserted the City "unlawfully redacted information that was not suppose[d] to be redacted, and by doing so violate[d] *** FOIA."

¶ 8        In March 2021, the PAC responded to Warren's request for review, indicating that based on the materials submitted, and pursuant to section 9.5(f) of FOIA (5 ILCS 140/9.5(f) (West 2020)), no further inquiry into Warren's request was warranted. Accordingly, the PAC stated Warren's file would be closed and he was entitled to seek injunctive or declaratory relief under section 11(a) of FOIA (see 5 ILCS 140/11(a) (West 2020)).

¶ 9        In May 2021, Warren *pro se* filed the instant complaint, alleging the City violated FOIA when it redacted "the requestor's home address" and "locations of the incidents that had taken place" from the requested records. Specifically, Warren argued the records he requested were unlawfully redacted because he consented to the disclosure of his own personal information under section 7(1)(c) of FOIA (5 ILCS 140/7(1)(c) (West 2020)) and therefore the information was not exempt from disclosure. Warren additionally argued the City failed to provide a sufficiently detailed factual basis to support its determination the information it redacted was exempt from disclosure as required by section 9(b) of FOIA (5 ILCS 140/9(b) (West 2020)). Warren requested the court enter an order: (1) finding the City violated FOIA, (2) requiring the City provide "all of the information wrongly redacted," and (3) requiring the City to pay not less than $2500 nor more than $5000 in civil penalties per alleged violation pursuant to section 11(j) of FOIA (5 ILCS 140/11(j) (West 2020)).

¶ 10        In July 2021, the City filed a combined motion to dismiss Warren's complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-619.1 (West 2020)). The City argued Warren's complaint should be dismissed because he

admitted the City redacted personal and private information from the records under exemptions enumerated in sections 7(1)(b) and (c) of FOIA (5 ILCS 140/7(1)(b), (c) (West 2020)) and therefore failed to state a cause of action upon which relief could be granted.

¶ 11 Following a hearing, the circuit court allowed the State's motion to dismiss, concluding the redacted portions of the documents constituted private or personal information which was exempt from inspection and copying. The court found Warren's argument regarding the fact it was his own information was "not listed within the statute or any other relevant authority," and he had not alleged sufficient facts to support a claim the City violated FOIA.

¶ 12 This appeal followed.

¶ 13                                II. ANALYSIS

¶ 14 On appeal, Warren argues the circuit court erroneously allowed the City's motion to dismiss because he stated a *prima facie* claim the City improperly redacted his own information in the documents furnished to him pursuant to his FOIA request. Specifically, Warren argues the City unlawfully redacted (1) his five addresses on file, (2) the "locations of incidents," and (3) his date of birth. Warren also argues the City failed to provide him a detailed factual basis for the redaction of his information as required by section 9(b) of FOIA (5 ILCS 140/9(b) (West 2020)). The City argues the circuit court's dismissal of Warren's complaint was proper because he admitted the information he requested was exempt and subject to redaction and he identified no applicable exception to that exemption for his own information. We agree with the City and affirm the circuit court's judgment.

¶ 15                             A. Applicable Law

¶ 16 A motion under section 2-619.1 of the Procedure Code allows a party to "combine a section 2-615 motion to dismiss based upon a plaintiff's substantially insufficient pleadings

- 4 -

with a section 2-619 motion to dismiss based upon certain defects or defenses." *Edelman, Combs & Latturner v. Hinshaw & Culbertson*, 338 Ill. App. 3d 156, 164, 788 N.E.2d 740, 747 (2003). On appeal, this court reviews the circuit court's dismissal of a complaint pursuant to section 2-619.1 *de novo. Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill. App. 3d 399, 402, 911 N.E.2d 1049, 1052 (2009).

¶ 17    In Illinois, FOIA governs the inspection of public records. 5 ILCS 140/1.2 (West 2020) ("All records in the custody or possession of a public body are presumed to be open to inspection or copying."). Unless subject to exemption, "[e]ach public body shall make available to any person for inspection or copying all public records." 5 ILCS 140/3(a) (West 2020). As relevant to this appeal, section 7(1) provides as follows:

> "(1) When a request is made to inspect or copy a public record that contains information that is exempt from disclosure under this Section, but also contains information that is not exempt from disclosure, the public body may elect to redact the information that is exempt. The public body shall make the remaining information available for inspection and copying. Subject to this requirement, the following shall be exempt from inspection and copying:

> ***

> (b) Private information, unless disclosure is required by another provision of this Act, a State or federal law, or a court order.

> ***

> (c) Personal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal

- 5 -

privacy, unless the disclosure is consented to in writing by the individual subjects of the information. 'Unwarranted invasion of personal privacy' means the disclosure of information that is highly personal or objectionable to a reasonable person and in which the subject's right to privacy outweighs any legitimate public interest in obtaining the information." 5 ILCS 140/7(1)(b), (c) (West 2020).

"Private information" includes "unique identifiers, including a person's *** home or personal telephone numbers." 5 ILCS 140/2(c-5) (West 2020). "Private information" also includes "home address[es] ***, except as otherwise provided by law or when compiled without possibility of attribution to any person." 5 ILCS 140/2(c-5) (West 2020).

¶ 18    "When a public body receives a proper request for information, it must comply with that request unless one of the narrow statutory exemptions applies." *Lieber v. Board of Trustees of Southern Illinois University*, 176 Ill. 2d 401, 408 (1997). "In the event a public body asserts that a record is exempt from such disclosure, the public body bears the burden of proving by clear and convincing evidence that the record is exempt." *Mancini Law Group, P.C. v. Schaumburg Police Department*, 2021 IL 126675 ¶ 16. "Where the public body claims that a requested document falls within one of these specifically enumerated categories and is able to prove that claim, no further inquiry by the court is necessary." *Lieber*, 176 Ill. 2d at 408.

¶ 19                                    B. This Case

¶ 20    First, we agree with the City that Warren has forfeited any argument the City unlawfully redacted his date of birth by failing to raise this issue before the circuit court. In his complaint, Warren did not challenge the City's redaction of his date of birth or his mother's information. Warren's complaint referenced only the City's redaction of "the requestor's home address" and "locations of the incidents that had taken place." Accordingly, Warren's argument

- 6 -

regarding his date of birth is forfeited and we decline to consider it. See *Enbridge Pipeline (Illinois), LLC v. Hoke*, 2019 IL App (4th) 150544-B, ¶ 38 ("Issues not raised before the trial court are deemed forfeited and may not be raised for the first time on appeal."). Warren does not challenge the redaction of his phone number or his mother's information on appeal.

¶ 21    Turning to the merits, here, Warren argues that by submitting a written FOIA request for records concerning his own information, he necessarily consented to the disclosure of any information pertaining to him pursuant to section 7(1)(c) of FOIA (5 ILCS 140/7(1)(c) (West 2020)). By Warren's logic, in consenting to its disclosure, this information was no longer exempt. Therefore, the City's redaction of nonexempt information was a violation of its obligation to make the requested records available for inspection and copying. Warren also argues his home address did not constitute private information because it could be "compiled without possibility of attribution to any person." 5 ILCS 140/2(c-5) (West 2020).

¶ 22    Warren's argument that section 7(1)(c) provided an exception to the exemption of his home addresses and "locations of incidents" is incorrect. While we acknowledge Warren's home address could *also* be considered "personal information" under section 7(1)(c), the legislature specifically included home addresses under the definition of "private" information under section 7(1)(b). See 5 ILCS 140/2(c-5) (West 2020). The only exception provided by the legislature for this exemption is in cases where "disclosure is *required* by another provision of this Act, a State or federal law, or a court order." (Emphasis added.) 5 ILCS 140/7(1)(b) (2020). Warren has not identified any statute or court order which would require the City to disclose his private information under these circumstances. We agree with the circuit court the City proved that Warren's home address constituted private information, and therefore "no further inquiry by the court [was] necessary." *Lieber*, 176 Ill. 2d at 408.

¶ 23     Further, we agree with the City that Warren's home address did not fall under the exception in section 2(c-5) for home addresses that can be "compiled without possibility of attribution to any person." 5 ILCS 140/2(c-5) (West 2020). The record shows the documents furnished to Warren contained his full name at the top of the page. Accordingly, there is no possibility that the information redacted following the fields stating, "HOME ADDRESS:" and "OTHER ADDRESS:"—when viewed in context—could be compiled "without possibility of attribution" to Warren. The record also reveals the City did not, in fact, redact the locations of incidents unless they were also Warren's home addresses. Accordingly, Warren's argument pertaining to the redaction of that information was likewise exempt from inspection and not subject to the section 2(c-5) exception.

¶ 24     Finally, Warren argues the City failed to justify its redaction of the information contained in Warren's requested records with a sufficiently detailed factual basis as required by section 9(b) of FOIA (5 ILCS 140/9(b) (West 2020)), which states as follows:

"When a request for public records is denied on the grounds that the records are exempt under Section 7 of this Act, the notice of denial shall specify the exemption claimed to authorize the denial and the specific reasons for the denial, including a detailed factual basis and a citation to supporting legal authority." 5 ILCS 140/9(b) (West 2020).

¶ 25     We find the factual basis provided by the City justifying its redaction of the information contained in Warren's requested records was sufficiently detailed and therefore complied with the statute. The City's response to Warren's request for records specifically advised him certain information had been redacted under both sections 7(1)(b) and 7(1)(c) of FOIA. This included the definitions of both "private" and "personal" information and citations to

the relevant sections of the statute. Warren does not explain what other information the City was required to provide, and we find none. We therefore conclude the City's factual basis complied with section 9(b).

¶ 26 Because Warren failed to allege sufficient facts to support a *prima facie* claim the City violated FOIA and admitted the allegedly unlawfully redacted information was subject to statutory exemptions, the circuit court properly allowed the City's motion to dismiss Warren's complaint. We therefore affirm the circuit court's judgment.

¶ 27 III. CONCLUSION

¶ 28 For the reasons stated, consistent with Illinois Supreme Court Rule 23(b) (eff. Jan. 1, 2021), we affirm the trial court's judgment.

¶ 29 Affirmed.